UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMIE DUBROVAY, | |
| Plaintiff, | Case No. 18-cv-6747 |
| v. | |
| THE WIRBICKI LAW GROUP, *et al.* | Judge John Robert Blakey |
| Defendants. | |

## ORDER

Plaintiff Jamie Dubrovay brings a one-count complaint under the Fair Debt Collection Practices Act (FDCPA), alleging that Defendants violated the FDCPA when they attempted to collect debt she owes on her home. [24]. Defendants The Wirbicki Law Group, LLC (Wirbicki), Bayview Loan Servicing, LLC (Bayview), and The Bank of New York Mellon (BONY) move to dismiss under Rule 12(b)(6). [25] [29]. For the reasons explained below, this Court denies Defendants' motions to dismiss.

## STATEMENT

Plaintiff incurred a debt due to a mortgage loan for a single-family home in DuPage County, Illinois. [24] ¶ 20.[1] Due to financial difficulties, Plaintiff could not make complete payments on the loan, and she fell into default around October 2010. *Id.* ¶¶ 21, 44. After Plaintiff's default, Bayview acquired servicing rights for the mortgage loan, *id.* ¶ 22, and BONY assumed responsibility for collecting the debt, *id.* ¶ 23.

In March 2011, BONY, through Wirbicki (its counsel), filed a foreclosure complaint against Plaintiff in DuPage County. *Id.* ¶ 24. The complaint stated that the "subject loan is paid through October 1, 2010." *Id.* ¶ 25. Wirbicki and BONY voluntarily dismissed that first complaint in June 2012. *Id.* ¶ 26. Then, in August 2012, they filed a second foreclosure complaint on the same property; like the first complaint, the second complaint stated that the "subject loan is paid through October 1, 2010." *Id.* ¶¶ 27–28. Wirbicki and BONY voluntarily dismissed the second complaint in August 2013. *Id.* ¶ 29.

---

[1] This Court takes these facts from Plaintiff's first amended complaint [24].

1

In March 2016, Wirbicki and BONY filed a third foreclosure complaint on the same property, stating that "said default occurr[ed] on November 1, 2010." *Id.* ¶¶ 30, 32. In August 2016, Plaintiff moved to dismiss the third complaint, arguing that Illinois' single-refiling rule barred Wirbicki and BONY from filing it. *Id.* ¶ 34.[2] Instead of responding to Plaintiff's motion to dismiss, Wirbicki and BONY voluntarily dismissed the third complaint. *Id.* ¶ 35. But a couple months later, in October 2017, Wirbicki and BONY (upon Bayview's referral) filed a fourth foreclosure complaint on the same property. *Id.* ¶¶ 38, 67, 71. All four complaints sought to collect the same principal balance on the same note. *Id.* ¶ 58. Unlike the three earlier complaints, however, the fourth complaint stated that the loan "is paid through April 1, 2013." *Id.* ¶ 43. Plaintiff alleges that this statement is false, and thus actionable under the FDCPA, because she had not made any payments on the loan since on or before October 2010. *Id.* ¶¶ 43, 44. She further asserts that Defendants violated the FDCPA by filing and maintaining the fourth complaint, when they knew the single-refiling rule barred them from doing so. *Id.* ¶¶ 62, 64, 66–67.

A motion under Rule 12(b)(6) tests the sufficiency of the complaint under the plausibility standard, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), not the merits of the suit, *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To meet the plausibility standard, the complaint must supply enough facts to raise a "'reasonable expectation that discovery will reveal evidence' supporting the plaintiff's allegations." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Twombly*, 550 U.S. at 556). In deciding a Rule 12(b)(6) motion, this Court must accept as true all well-pleaded facts in a plaintiff's complaint and must draw all reasonable inferences in her favor. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013).

The FDCPA prohibits debt collectors from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. False or misleading representations "may violate § 1692e of the FDCPA even if made in court filings in litigation." *Marquez v. Weinstein, Pinson & Riley, P.S.*, 836 F.3d 808, 812 (7th Cir. 2016); *St. John v. CACH, LLC*, No. 14 C 0733, 2014 WL 3377354, at *3 (N.D. Ill. July 8, 2014). Filing a legally defective debt collection suit can also violate Section 1692e where the filing "falsely implies that the debt collector has legal recourse to collect the debt." *Rehman v. Pierce & Assocs., P.C.*, No. 16 C 5178, 2017 WL 131560, at *4 (N.D. Ill. Jan. 13, 2017) (citing *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir. 2000)). Additionally, FDCPA Section 1692d provides that a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection

---

[2] Illinois' single-refiling rule bars plaintiffs from filing a third cause of action after voluntarily dismissing the same action twice before. *Carr v. Tillery*, 591 F.3d 909, 914 (7th Cir. 2010) (citing 735 ILCS 5/13-217).

with the collection of a debt." Section 1692f similarly prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." Both sections contain non-exhaustive lists of violative practices. *See* 15 U.S.C. §§ 1692e, f.

Plaintiff claims that Defendants violated Section 1692e when they: (1) falsely represented in the fourth complaint that they could foreclose against Plaintiff, when the single-refiling rule barred the fourth action; and (2) stated in the fourth complaint and in their subsequent motion to dismiss response that the "paid through date" for the loan was April 1, 2013, when it was actually October 1, 2010. [24] ¶¶ 61–64. These allegations plausibly suggest violations of Section 1692e, because they are premised upon actionable conduct—making false or misleading statements in a court filing, *Marquez*, 836 F.3d at 812, or filing a debt collection action without a legal basis, *Rehman*, 2017 WL 131560, at *4.

Defendants nonetheless urge dismissal, arguing that they did not falsely represent the April 1, 2013 "paid through date." *See* [33] at 1–3; [34-1] at 3–5. More specifically, Defendants say they tactically changed the "paid through date" from October 2010 to April 2013, therein forgiving the interest Plaintiff owed for that duration, in order to assert a new "default" date in the fourth complaint—all for the purpose of circumventing the single-refiling rule. *Id.* Thus, Defendants contend that the new "default" date of April 1, 2013, while different than the prior three filings, did not actually constitute a false statement. [34-1] at 2–3.

At this stage of the litigation, however, this Court must take Plaintiff's allegations as true; Plaintiff alleges that the "paid through date" is false and misleading, and that Defendant simply fabricated the date. *See* [24] ¶¶ 45–46, 56; [32] at 4–5. This Court heeds the Seventh Circuit's caution that "determination of whether a statement is false, deceptive or misleading" remains "a fact-bound determination of how an unsophisticated consumer would perceive the statement." *Marquez*, 836 F.3d at 812. Thus, courts should only grant Rule 12(b)(6) dismissals "if there is no set of facts consistent with the pleadings under which the plaintiffs could obtain relief." *Id.* At this stage in the proceedings, this Court cannot say that there are no facts under which Plaintiff could obtain relief, because Plaintiff here specifically alleges that Defendants made a false statement as to the "paid through" date, and that she, in fact, *was* misled by such a statement. [24] ¶¶ 43, 56, 63.

Defendants also argue that Plaintiff improperly brought this suit to enforce state court procedures. [25] at 3–5; [29] at 3–5. True, the FDCPA claims cannot be based upon "evidentiary and procedural deficiencies in a state-court action." *Lena v. Cach, LLC*, No. 14 C 01805, 2015 WL 4692443, at *2 (N.D. Ill. Aug. 6, 2015). But Plaintiff complains not only that Defendants violated state pleading requirements, but also that Defendants' filing of the fourth complaint falsely implied that Defendants had legal recourse to foreclose on her property in state court. [24] ¶ 64. Such allegations plausibly give rise to a Section 1692e claim under prevailing case

3

law. *See Gearing*, 233 F.3d at 472–73; *Lena*, 2015 WL 4692443, at *5 (FDCPA claim may arise from the filing of a debt collection suit that falsely implies the debt collector has legal recourse to collect the debt). Whether the evidence supports these allegations is a question for another day. At present, however, this Court denies Defendants' motions as they pertain to Plaintiff's Section 1692e claim.

Plaintiff's allegations concerning Defendants' violations of Sections 1692d and 1692f follow the same course of those directed at his Section 1692e claim. Indeed, Plaintiff alleges that Defendants violated Sections 1692d and 1692f by initiating the fourth complaint when they had no right to file another foreclosure action against Plaintiff. [24] ¶¶ 66–71. Courts in this district allow claims under these subsections to proceed where a plaintiff claims that a debt collector has sued her despite knowing there is some legal bar to judgment. *See Kabir v. Freedman Anselmo Lindberg LLC*, No. 14 C 1131, 2015 WL 4730053, at *5 (N.D. Ill. Aug. 10, 2015); *Weber v. Seterus, Inc.*, No. 16 C 6620, 2018 WL 1519163, at *12 (N.D. Ill. Mar. 28, 2018). This Court therefore also denies Defendants' motions as to Plaintiff's Sections 1692d and 1692f claims.

For the reasons explained above, this Court denies Defendants' motions to dismiss [25] [29]. The motion hearing set for April 2, 2019 is converted to a case management conference, and the parties shall come prepared to set case management dates and deadlines, including discovery cut-offs, dispositive motion briefing schedules, and trial.

Dated: March 27, 2019

Entered:

_____
John Robert Blakey
United States District Judge